# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**

October 24, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**JAMES E. EVANS JR.,**
**Claimant Below, Petitioner**

**vs.)   No. 11-1509**  (BOR Appeal No. 2045751)
(Claim No. 920035011)

**WEST VIRGINIA OFFICE OF**
**INSURANCE COMMISSIONER**
**Commissioner Below, Respondent**

**and**

**FEDERAL EXPRESS CORPORATION,**
**Employer Below, Respondent**


## MEMORANDUM DECISION

Petitioner James E. Evans Jr., by M. Jane Glauser, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. The West Virginia Office of Insurance Commissioner, by Gary M. Mazezka, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated October 11, 2011, in which the Board affirmed a February 28, 2011, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's May 13, 2010, decision denying authorization for a referral to Dr. Burke for treatment of the shoulder and rotator cuff. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds that the Board of Review's decision is based upon a material misstatement or mischaracterization of the evidentiary record. This case satisfies the "limited

circumstances" requirement of Rule 21(d) of the Rules of Appellate Procedure and is appropriate for a memorandum decision rather than an opinion.

On January 18, 1992, Mr. Evans was injured while working as a courier for Federal Express Corporation, when he was struck by a moving vehicle. The evidence of record indicates that the incident caused multiple injuries, which were held compensable, including rotator cuff strain and adhesive capsulitis of the shoulder. On September 9, 2008, the claims administrator authorized total knee arthroplasty and removal of a support implant but the evidence in record does not establish whether the procedure was performed. On April 2, 2010, Dr. Naum requested authorization for a referral to Dr. Burke for treatment of Mr. Evans's left shoulder and rotator cuff tear. A medical statement from Dr. Naum, dated April 15, 2010, indicated that the shoulder injury was caused by the use of crutches following knee replacement surgery and that the treatments were medically necessary because the pain was so intense that Mr. Evans was unable to use his shoulder. The claims administrator denied authorization for the requested referral on May 13, 2010. The claims administrator's decision was affirmed by the Office of Judges on February 28, 2011, and by the Board of Review on October 11, 2011, leading to this appeal.

The Office of Judges concluded that the requested referral to Dr. Burke was not medically related or reasonably necessary to treat Mr. Evans's compensable injury because Mr. Evans did not present sufficient evidence to meet his burden of proof. The Office of Judges found that the evidence in the record indicated that rotator cuff strain and adhesive capsulitis of the shoulder were both compensable conditions of the claim. The Office of Judges also found that Mr. Evans was authorized to receive total knee arthroplasty and removal of a support implant, but it found no evidence that the surgery occurred beyond the cursory statement appearing in Dr. Naum's medical statement, which was not accompanied by medical evidence or documentation of Dr. Naum's examination. The Office of Judges concluded that the evidence in the record was insufficient to demonstrate that the requested referral was medically related and reasonably necessary to treat the compensable injury in this claim. The Board of Review adopted the findings of the Office of Judges and affirmed its Order.

The conclusion of the Board of Review was based upon the Board's material misstatement and mischaracterization of the evidentiary record. Mr. Evans has presented sufficient evidence to show that the requested referral to Dr. Burke is medically related and reasonably necessary to treat his compensable injury. Dr. Naum's medical statement demonstrates that the requested treatment relates to Mr. Evans's rotator cuff tear and the record establishes that the rotator cuff tear is part of Mr. Evans's compensable January 18, 1992, injury.

For the foregoing reasons, we find that the decision of the Board of Review is based upon the Board's material misstatement or mischaracterization of particular components of the evidentiary record. Therefore, the decision of the Board of Review is reversed and remanded to the Board with directions to grant Mr. Evans's request for a referral to Dr. Burke for treatment of the shoulder and rotator cuff.

Reversed and remanded.

**ISSUED:   October 24, 2013**

**CONCURRED IN BY:**
Chief Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Menis E. Ketchum

**DISSENTING**
Justice Robin J. Davis
Justice Allen H. Loughry II